LÓPEZ v. LÓPEZ ET AL.

APPEAL from the District Court of San Juan.

No. 413.—Decided November 27, 1909.

DEMURRERS—WHEN PRESUMED TO HAVE BEEN OVERRULED.—When it appears from the record that a demurrer to the complaint has been filed, and an answer has been subsequently filed, and no ruling upon the demurrer appears, the presumption will be indulged that the demurrer was overruled.

ID.—NO CAUSE OF ACTION—ALLEGATION FOR THE FIRST TIME ON APPEAL.—In accordance with the provisions of section 109 of the Code of Civil Procedure, the objection that the plaintiff has no cause of action may be raised for the first time on appeal.

DEFECTIVE COMPLAINT—NO CAUSE OF ACTION.—Where several heirs bring an action for the recovery of money and obtain and execute a judgment in their favor, and another heir who was not a party to the suit subsequently brings an action to recover his proportionate share of the amount recovered by the judgment, it is necessary to the success of his action that he allege in the complaint the existence of a civil bond uniting the defendants with the plaintiff, or of an agreement by which the defendants obligated themselves to divide proportionately with the plaintiff the sum which they might receive.

The facts are stated in the opinion.

*Mr. Henry F. Hord* for appellant.

*Messrs. Frank Antonsanti and Pedro Gómez* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

The following complaint was filed in the District Court of San Juan:

"The above-mentioned plaintiff, Nicolasa Trinidad López y García, through her attorneys, Pedro Gómez and Frank Antonsanti, respectfully appears before the court and files a complaint against the above-mentioned defendants, and sets forth as a cause of action:

"I. That the plaintiff is a widow, of age, and a resident of Bayamón; and all the defendants are of age, with the exception of María Concepción Graxirena López, who is a minor and represented by her tutrix, Antonio López, who was appointed such by this court by order of November 22, 1907.

"II. That about August 13, 1906, the defendants in this action, as composing the Estate of Jacinto López Martínez, brought an action in the District Court of the United States for Porto Rico (the Federal Court), directed against the Estate of Pablo Ubarri y Capetillo, consisting of his children Pablo, Rufino, Buenaventura, José María and Modesta Ubarri é Iramategui.

"III. That about April 16, 1907, and after issue had been joined in said action, it was submitted to a jury in accordance with the laws and practice of the Federal Courts, which jury, on April 19, 1907, after hearing the evidence, the arguments of counsel and the charge of the court, and after due deliberation on the questions at issue, returned a verdict in favor of the then plaintiffs, now the de-

fendants, as the members of the Estate of Jacinto López Martínez, and against one of the then defendants, namely, Buenaventura Ubarri, for the sum of 99,000 *pesos.*

"IV. That by virtue of said verdict, the court rendered judgment on April 19, 1907, adjudging Buenaventura Ubarri to pay to the Estate of Jacinto López Martínez—that is to say, the defendants in this action—said sum of 99,000 *pesos.*

"V. That by virtue of said judgment the Federal Court issued a writ of execution for the satisfaction thereof, and the marshal of said court attached property belonging to said Buenaventura Ubarri, which property was advertised in accordance with the law and sold at auction by said marshal, bringing the sum of $37,297.36.

"VI. That after the costs of the Federal Court had been paid, there remained a balance of $36,774.38, which sum was received by the plaintiffs in said action, as the heirs of Jacinto López Martínez, now the defendants in this action.

"VII. That Jacinto López Martínez was married for the first time to Trinidad García, two daughters being born of the union, the plaintiff in this action and Antonia; that upon the death of his first wife, he married for the second time Concepción Laborde, from which union were born the children named Jacinto, Lorenzo, María Consolación, Manuel Demetrio, Francisco, Luisa and Concepción López Laborde.

"VIII. That upon the death of Jacinto López Martínez, the father of the plaintiff, without leaving any succession, his children, the plaintiff and defendants in this action, were judicially declared to be his only and universal heirs.

"IX. That Concepción López Laborde having died, she was succeeded by her daughter María Concepción Graxirena López, the defendant, who is a minor.

"X. That the plaintiff in this action is therefore the daughter and legitimate heir of Jacinto López Martínez and, therefore, an integral part of his testate estate.

"XI. That the plaintiff in this action, Nicolasa Trinidad López García, did not take part in the action referred to in the second statement of fact of this complaint, neither as plaintiff nor as defendant, having been absolutely ignored by the other coheirs of her father, Jacinto López Martínez, nor did the plaintiff receive any part whatsoever of the $36,754.88 referred to in the fourth statement of fact of this complaint, said sum having been received in full by the defendants or their legal representatives.

"XII. That the plaintiff is a legitimate and integral part of the Estate of Jacinto López Martínez, and is entitled to share equivalent to one-seventh of said sum—that is to say, $5,253.48.

"XIII. That said sum, which is legitimately due the plaintiff, has not been delivered to her by the defendants, who appropriated said sum of $5,243.48, notwithstanding the fact that demand was made therefor.

"XIV. That the defendants, jointly and severally, owe the plaintiff the aforesaid sum of $5,243.48.

"Therefore, she prays the court to adjudge Jacinto Lorenzo López Laborde,. María Consolación López Laborde, Manuel Demetrio López Laborde, Francisca Luisa López Laborde, and María Concepción Graxirena López, jointly and severally, to pay the plaintiff, Nicolasa Trinidad López García, the sum of $5,253.48, legal interest, and the costs of this action.   Pedro Gómez, Frank Antonsanti, Attorneys for the Plaintiff."

This complaint was amended to include also Enrique López Laborde as a defendant and to reduce the amount claimed to $4,597.79.

The Judge of the District Court of San Juan rendered judgment on March 1, 1909, holding "that the facts and the law are in favor of the plaintiff and against the defendants, and, therefore, he ordered and decreed that Nicolasa Trinidad López García obtain and recover from said defendants, *pro rata,* the sum of $2,200.39, and, in addition, the costs and expenses which might be justified; but he exonerated from the payment thereof the defendant, María Concepción Graxirena López."

It does not appear from this record that the defendant, Enrique López Laborde, answered the complaint, but it does appear that together with Jacinto Lorenzo, María Concepción and Manuel Demetrio López Laborde, he appealed from the judgment the adjudging portion of which is inserted above.

In the brief which these appellants filed in this Supreme Court, the grounds which they believe to support this appeal and determine the reversal of the judgment are set forth.

The record does not contain a statement of facts nor a bill of exceptions, but even though it did it would not be necessary for us to consider any other element for the purpose of forming an opinion as to the propriety of the judgment appealed from than the complaint itself, which has been purposely transcribed in full in this opinion.

A careful perusal thereof leads us to the conclusion that "it does not state facts sufficient to constitute a cause of action," which is a ground for a demurrer contained in subdivision six of section 105 of the Code of Civil Procedure.

The appellants demurred on this ground, and although the decision thereon does not appear, we must assume that it was overruled inasmuch as the complaint was answered, and in any event we would be authorized to consider and decide it by section 109 of the Code of Civil Procedure.

The complaint does not show the civil bond which unites the defendants and appellants with the plaintiff—that is to say, the obligation of the former to the latter, which authorizes a demand for a part of the sum which they received for their exclusive and personal benefit, under the judgment rendered by the District Court of the United States for Porto Rico, in an action which they prosecuted against the Estate of Pablo Ubarri y Capetillo for damages, has not been alleged in any manner whatsoever.

Absolutely nothing is alleged to reveal the existence of an agreement by which the defendants obligated themselves to divide proportionately with the plaintiff the sum which they received, nor does the complaint state in any part thereof the fact or ground which constitutes the action exercised.

This plaintiff may perhaps have a right of action which she may assert against the Estate of Pablo Ubarri Capetillo in the same court, and in the form which the defendants then employed, but if she did not appear as a plaintiff in the action brought by the latter, such omission cannot engender to their prejudice a cause of an obligation.

If, in the action against the Estate of Pablo Ubarri Cape-
tillo, the latter as a defendant did not demur in due time on
the ground of a defect of parties plaintiff, comprised in sub-
division four of section 105 of the Code of Civil Procedure,
in order that the litigation against it might be fully and
definitely concluded, this other omission cannot constitute
either the cause of action now exercised.

For these reasons, the judgment of March 1, 1909, should
be reversed and judgment rendered dismissing the complaint,
without any special taxation of costs, on the sole ground that
such complaint does not state facts sufficient to constitute a
cause of action against the defendants in this litigation.

*Reversed.*

Chief Justice Hernández and Justices MacLeary and Wolf
concurred.

Mr. Justice del Toro did not take part in the decision of
this case.